**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL OGLO,** | : | CA 06 83 S |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-** |
| | : | |
| **DONALD C. WINTER,** | : | |
| **Secretary of the Navy,** | : | |
| **Defendant** | : | |

## I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief and other equitable relief, as well as compensatory damages, attorney's fees and litigation expenses to redress unlawful discrimination in employment the Plaintiff has suffered on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq.

## II. Parties

1. The Plaintiff is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island.

2. Defendant Donald C. Winter, Secretary of the Navy, is sued in said capacity.

## III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1343.

## IV. Venue

4. Venue is proper in this Court in accordance with 29 U.S.C. §626(c) and 28 U.S.C. §1391.

## V. Exhaustion of Administrative Remedies

5. On or about June 1, 2005 the Plaintiff filed an administrative complaint alleging age discrimination in employment.

6. On or about December 8, 2005, the Department of Navy ("Department") issued a decision dismissing Plaintiff's complaint and in so doing authorized him to proceed to file a civil action within ninety (90) days

7. The Plaintiff has satisfied all administrative and/or jurisdictional requirements to suit.

## VI. Allegations Common to All Causes of Action

8. The Plaintiff is a seventy-nine (79) years old (d/o/b: 1/28/27).

9. In or about 1991, the Plaintiff was hired by the Department as Associate Counsel, Patent Law, in the Office of General Counsel, Naval Undersea Warfare Center, in Newport, Rhode Island.

10. Prior to the incidents at issue, the Plaintiff was never issued a formal reprimand related to his job performance.

11. Prior to the incidents at issue, the Plaintiff received satisfactory performance evaluations.

12. On November 15, 2004, the Plaintiff' was issued a Performance Development Resource ("PDR") plan for a period of ninety (90) days through February 15, 2005.

13. The issuance of the PDR and the conditions relative to same constitutes evidence of age animus.

14. Following the issuance of the PDR, the Plaintiff was subjected to ongoing discrimination in the terms and conditions of his employment due to his age.

15. The Plaintiff successfully performed the tasks included in the PDR.

16. In a memorandum dated March 21, 2005, the Plaintiff was informed that his employment would be terminated effective May 28, 2005.

17. That the Plaintiff was terminated from his employment with the Department on May 28, 2005.

18. That the Plaintiff was terminated from his employment due to his age.

19. That Defendant intentionally and/or willfully discriminated against Plaintiff due to his age.

20. As a proximate result of the Defendant's unlawful and discriminatory employment practices, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer loss of income, including past and future salary, pension benefits, mental and physical anguish, pain and suffering and other great damage.

## VII. Claims For Relief

21. Plaintiff incorporates in the count below the allegations contained in paragraphs 1-20 above.

### Count One
### 29 U.S.C. §621, et seq.

22. The actions of Defendant, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his age in violation of the ADEA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADEA.

## VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Honorable Court grant the following relief:

a. Issue a declaratory judgment that Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Age Discrimination in Employment Act of 1967.

b. Issue a mandatory injunction directing Defendant to reinstate the Plaintiff to his former position, or, to an equivalent position, with retroactive payment for lost wages and benefits.

c. Issue a mandatory injunction directing Defendant to destroy any and all records relating in any way to the Plaintiff's unlawful discharge.

d. Enjoin and permanently restrain the Defendant, its agents, officers and employees and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all other unlawful employment practices.

e. Direct Defendant to take such affirmative action as is necessary to ensure that the effects of the unlawful employment practices complained of herein are eliminated and do not affect Plaintiff's employment opportunities.

f. Enter judgment for the Plaintiff against Defendant for back pay, and, front pay until the Plaintiff obtains a substantially equivalent position, to make the Plaintiff whole for all compensation the Plaintiff would have received but for Defendant's unlawful discriminatory treatment, including, but not limited to, pension rights and other benefits.

g. Enter judgment for the Plaintiff against Defendant for compensatory damages for past and future pecuniary losses, emotional and physical pain and suffering, inconvenience, mental anguish, expenses for medical care and treatment, loss of enjoyment of life, and other nonpecuniary losses, plus interest thereon.

h. Award Plaintiff reasonable attorney's fees and costs of litigation.

i. Granting such other and further relief as this Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury.

Plaintiff,
By his attorneys,
Sinapi, Formisano & Co.

V. Edward Formisano (5512)
100 Midway Place, Suite 1
Cranston, RI 02920
(401)944-9690
(401)943-9040(facsimile)