**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL OGLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-83S** |
| | ) | |
| **DONALD C. WINTER,** | ) | |
| **SECRETARY OF THE NAVY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER**

Defendant, Donald C. Winter, in his official capacity as Secretary of the United States Navy, by and through counsel, answers the complaint as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant denies that any of its employees discriminated against Plaintiff.

**THIRD DEFENSE**

All actions allegedly taken by the Department of the Navy against Plaintiff concerning his employment were based on legitimate nondiscriminatory reasons. Further, all alleged actions taken by the Department of the Navy against the Plaintiff were taken in good faith and did not violate any Federal or State law prohibiting discriminatory conduct.

**FOURTH DEFENSE**

Plaintiff is not entitled to a jury trial.

**FIFTH DEFENSE**

Plaintiff is not entitled to compensatory damages under the ADEA.

**SIXTH DEFENSE**

Defendant hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes which through discovery or otherwise it learns may be applicable.

**SEVENTH DEFENSE**

In response to the specific numbered allegations contained in Plaintiff's Complaint, Defendant states as follows:

**I. INTRODUCTORY STATEMENT**

The allegations set forth in the paragraph numbered "I" of Plaintiff's Complaint constitute plaintiff's characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

**II. PARTIES**

1. Admit.

2. Admit.

**III. JURISDICTION**

3. Paragraph 3 of Plaintiff's Complaint sets forth conclusions of law to which no response is required. Defendant does not at this time dispute this Court's subject matter jurisdiction over this matter.

## IV. VENUE

4. Admit.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Defendant admits that plaintiff filed a formal administrative complaint alleging age discrimination when the agency terminated his appointment as a re-employed annuitant.

6. Admit.

7. Defendant has insufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint and leaves Plaintiff to his proof thereon.

## VI. MATERIAL FACTS

8. Admit.

9. Defendant admits that on February 4, 1991, plaintiff was appointed as a re-employed annuitant to serve as an attorney in the Office of Counsel, Naval Undersea Systems Center (NUSC), Newport, Rhode Island. The remaining allegations are denied.

10. Defendant admits that plaintiff was not issued a "formal reprimand" related to his job performance prior to being placed on a Performance Development Resource Plan (PDR) in November 2004. The remaining allegations are denied.

11. Deny.

12. Defendant admits that on November 15, 2004, plaintiff was placed on a PDR for a minimum period of 90 days. The remaining allegations are denied.

13. The allegations in paragraph 13 of Plaintiff's Complaint set forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

14. Deny.

15. Deny.

16. Defendant admits that in a memorandum dated March 21, 2005, plaintiff was informed that his appointment as a re-employed annuitant would be terminated effective May 28, 2005. Defendant denies the remaining allegations in paragraph 16.

17. Defendant admits that plaintiff's appointment as a re-employed annuitant was terminated on May 28, 2005.

18. Deny.

19. Deny.

20. Deny.

## VII. CLAIMS FOR RELIEF

21. Defendant's answers to paragraphs 1-20 are incorporated herein by reference.

## COUNT ONE

22. The allegations in Paragraph 22 of Plaintiff's Complaint constitute plaintiff's characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

## VIII. PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the allegations are

denied and defendant further denies that the Plaintiff is entitled to judgment against Defendant by means of a declaratory judgment, mandatory injunction, damages, attorney fees, or any other form of relief.

ANSWERING further the Complaint, Defendant denies each and every allegation not previously admitted, denied, or otherwise qualified.

WHEREFORE, the Defendant respectfully requests that this Court deny Plaintiff's Complaint, and enter an order granting judgment for Defendant and awarding Defendant its costs herein, along with such other and further relief as is just and proper.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Adi Goldstein
ADI GOLDSTEIN #6701
Assistant U.S. Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5001 (fax)
*Email: adi.goldstein@usdoj.gov*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 13th day of September, 2006, I caused the within Answer to be electronically filed with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF system. The following participant(s) has received notice electronically.

Edward Formisano, Esq.
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920

/s/ Adi Goldstein
ADI GOLDSTEIN #6701
Assistant U.S. Attorney